Filed 3/16/21  P. v. Periman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C089526 |
| v. | (Super. Ct. No. STK-CR-FE-2010-00005519/SF114626B) |
| ALLEN JOHN PERIMAN, JR., | |
| Defendant and Appellant. | |

A jury convicted defendant Allen John Periman, Jr., of the second degree murder of Jeffrey Wheatley and found true the allegation that in the commission of the murder, a principal whom defendant aided and abetted personally used a firearm.  A different panel of this court affirmed the conviction in 2014.  In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95[1] and requested the appointment of

---

[1]  Undesignated statutory references are to the Penal Code.

counsel.  The trial court summarily denied the petition without appointing counsel, finding ample evidence to convict defendant based solely on malice and therefore defendant was ineligible for resentencing as a matter of law.  The trial court also found that the evidence set forth in this court's prior opinion on direct appeal was sufficient to establish that defendant committed murder as a direct aider and abettor and that he was a major participant who acted with reckless indifference to human life.

Defendant now contends his petition for resentencing stated a prima facie case for relief and the trial court erred in summarily denying his petition and in not appointing counsel for him.

We conclude the record of conviction does not show that the jury convicted defendant only on a direct aiding and abetting theory, and not under the natural and probable consequences doctrine.  The trial court should not have engaged in factfinding during the initial stages of its section 1170.95, subdivision (c) review, should not have found defendant ineligible for resentencing as a matter of law, and should not have summarily denied the petition.  Although a trial court is not required to appoint counsel in its initial consideration of whether a defendant falls within the provisions of section 1170.95, under these circumstances, we will reverse the trial court's order and remand the matter with instructions to appoint counsel for defendant and proceed to the next stage of review under section 1170.95, subdivision (c).

BACKGROUND

We granted defendant's motion to incorporate the record and opinion from his prior appeal (Case No. C071812) in the record here.  The opinion in the prior appeal described the following facts.  Wheatley died of shotgun wounds, blunt force trauma, burns, and at least 40 stab wounds.  (*People v. Periman* (Aug. 13, 2014, C071812) [nonpub. opn.], p. 3.)  DNA from Robert Turner and Valerie Nessler was found at the scene.  (*Id.* at p. 4.)  Cell phone records indicated that defendant and Nessler called each other numerous times on the night of Wheatley's death.  (*Id.* at p. 4.)  Defendant

2

confessed to a prison cellmate that he drove a friend to a house, went inside the house, heard the friend shoot the victim, tackled the victim and kicked him in the head multiple times, watched another person stab the victim repeatedly, saw someone set the victim on fire, and then drove himself and the others from the scene. (*Id.* at pp. 4-5, 11.) Defendant told another person he had killed someone. (*Id.* at p. 5.) He said they beat a man up, put him in a car, blew his head off, put him back in the house and set the house on fire. (*Id.* at p. 5.)

The People charged Turner, Nessler and defendant with willful, deliberate and premeditated murder (§ 187, subd. (a) -- count 1) and arson causing great bodily injury (§ 451, subd. (a) -- count 2). The People alleged that in the commission of the murder, a principal was armed with a firearm (§12022, subd. (a)(1)), defendant committed the murder while committing the crime of arson (§ 190.2, subd. (a)(17)(H)) and the murder of Wheatly was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)). The People further alleged that defendant committed arson by use of a device designed to accelerate the fire or delay ignition (§ 451.1, subd. (a)(5)).

The jury convicted defendant of second degree murder. It found true the allegation that in the commission of the murder, a principal whom defendant aided and abetted personally used a firearm. The jury acquitted defendant on the count two charge of arson. There were no other findings by the jury. The trial court sentenced defendant to state prison for a term of 15 years to life on the second degree murder conviction, plus a one-year term for the firearm enhancement.

This court concluded there was no error and affirmed the judgment. (*People v. Periman, supra,* C071812, p. 1.)

Defendant subsequently filed a petition for resentencing pursuant to section 1170.95. He averred that (1) a complaint or information was filed against him that allowed the prosecution to proceed under the felony murder rule or the natural and probable consequences doctrine; (2) at trial, he was convicted of second degree murder

3

pursuant to the felony murder rule or the natural and probable consequences doctrine; (3) he could not now be convicted of second degree murder because of changes made to sections 188 and 189 effective January l, 2019; and (4) he was entitled to be resentenced pursuant to section 1170.95, subdivision (d)(2) because there was a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d).[2]  Defendant asked the trial court to appoint counsel for him.  There were no attachments to the petition.

The San Joaquin County Public Defender filed a request to be appointed as counsel for defendant on his petition.

The trial court denied defendant's petition in an ex parte order.  It said the opinion on direct appeal showed that defendant was convicted of second degree murder based on express or implied malice, and the evidence outlined in the opinion sufficed to convict defendant under the newly amended section 189, subdivision (e)(2) and (e)(3) as an aider and abettor who acted with intent to kill and as a major participant who acted with reckless indifference to human life.  The trial court denied the public defender's request to be appointed as counsel for defendant.

DISCUSSION

I

Defendant contends his petition for resentencing stated a prima facie case for relief and the trial court erred in finding that the record contained sufficient evidence to support a murder conviction based solely on malice and, additionally, on the theory that he was an aider and abettor who acted with intent to kill and a major participant in the underlying felony who acted with reckless indifference to human life.

---

[2]  The information did not contain a section 190.2, subdivision (d) special circumstance allegation, and we are not aware of a finding by the jury that defendant was not a major participant and/or did not act with reckless indifference to human life.

4

A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) With regard to felony murder, prior to the enactment of Senate Bill No. 1437, "a defendant could be convicted of murder ' " 'when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony . . .' " ' [Citation.] . . . '[F]elony-murder liability d[id] not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' [Citation.]" (*People v. Lee* (2020) 49 Cal.App.5th 254, 261, fn. omitted, review granted July 15, 2020, S262459 (*Lee*).) Senate Bill No. 1437 added section 189, subdivision (e) to now provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Liability for murder under the natural and probable consequences doctrine was also eliminated by Senate Bill No. 1437. (*Lee, supra*, 49 Cal.App.5th at p. 262, review granted; *People v. Offley* (2020) 48 Cal.App.5th 588, 595 (*Offley*).) Natural and probable consequences and direct aiding and abetting were two forms of aider and abettor liability. (*People v. Chiu* (2014) 59 Cal.4th 155, 158 (*Chiu*); *People v. Chavez* (2018) 22 Cal.App.5th 663, 682-683.) Under the natural and probable consequences doctrine, a person who knowingly aided and abetted a crime, the natural and probable consequence

of which was murder, could be convicted of not only the target crime but also of the resulting murder, irrespective of whether he or she harbored malice aforethought. (*Lee,* at p. 261.) But Senate Bill No. 1437 amended section 188 to now provide that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2; *Lee,* at p. 262.)

However, the criminal liability of direct aiders and abettors did not change under Senate Bill No. 1437. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted March 18, 2020, S260598) (*Lewis*); *Offley, supra*, 48 Cal.App.5th at pp. 595-596.) Such persons who by act or advice aid, promote, encourage or instigate the commission of murder, with knowledge of the direct perpetrator's criminal purpose and with intent to commit, encourage or facilitate the commission of murder, remain criminally liable for murder. (*Lewis,* at p. 1135; accord *Offley,* at pp. 595-596; see *Chiu, supra,* 59 Cal.4th at p. pp. 158, 161, 166-167; *People v. Prettyman* (1996) 14 Cal.4th 248, 259.)

Senate Bill No. 1437 also added section 1170.95, "which permits an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if he or she could not have been convicted of first or second degree murder because of Senate Bill No. 1437's changes to sections 188 and 189." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted March 18, 2020, S260493 (*Verdugo*).)

Section 1170.95, subdivisions (b) and (c) create a three-step review. (*People v. Perez* (2020) 54 Cal.App.5th 896, 903, review granted December 9, 2020, S265254; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 897, review granted August 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 974-981 (*Drayton*); *People v.*

6

*Torres* (2020) 46 Cal.App.5th 1168, 1177-1178, review granted June 24, 2020, S262011 (*Torres*); *Verdugo, supra,* 44 Cal.App.5th at pp. 327-330, review granted; contra *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, review granted November 10, 2020, S264684 (*Cooper*).) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b). (*Verdugo,* at pp. 327-328.) To do this, the trial court verifies that the petition contains the information required under section 1170.95, subdivision (b)(1), and supplies any missing information that can be readily ascertained from the record of conviction. (*Verdugo,* at pp. 328-330.) Section 1170.95, subdivision (b)(1) requires the following information: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. ¶ [And] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the required information "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the petition is facially sufficient, then, in the second step, the trial court determines under section 1170.95, subdivision (c) whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) To make this prima facie showing, the petitioner must demonstrate the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] [And] (3) The petitioner could not be convicted of

7

first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The Court of Appeal for the Second District, Division 7, has described the second-step inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*) In making this inquiry, the trial court may again examine "readily available portions of the record of conviction," including "at least," the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 323, 329-330.) The trial court may also consider jury instructions and any appellate opinion in the case. (*Id.* at pp. 333-336.)

If the trial court determines that the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95, the evaluation of the petition proceeds to the third step, a "second prima facie review," in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at pp. 328, 330, review granted.) In this second prima facie review, the trial court must take the petitioner's factual allegations as true and make a preliminary assessment whether he or she would be entitled to relief if they were proved. (*Id.* at p. 328; see also *Drayton, supra,* 47 Cal.App.5th at p. 980.)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision (a)], then the trial court should issue an order to show

8

cause. [Citation.] Once the trial court issues the order to show cause under section 1170.95[, subdivision (c)], it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, [subdivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.] Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton, supra,* 47 Cal.App.5th at pp. 980-981.) Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).)

B

Defendant's petition contained the information required in section 1170.95, subdivision (b)(1). To the extent defendant contends the trial court's review under section 1170.95, subdivision (c) is limited to the allegations in the petition, we disagree. Whether a trial court may consider the record of conviction in the first prima facie review under section 1170.95, subdivision (c) is before the California Supreme Court in *Lewis, supra*, 43 Cal.App.5th 1128, S260598. Pending guidance from our Supreme Court, we agree with the courts that have held it is proper for a trial court to consider the record of conviction in determining whether the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95. (*Tarkington, supra*, 49 Cal.App.5th at pp. 908-909, review granted; *Lee, supra*, 49 Cal.App.5th at pp. 262-263, review granted; *People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *Torres, supra*, 46 Cal.App.5th at pp. 1177-1178, review granted; *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted; *Lewis,* at pp. 1137-1138.) We conclude, however, based upon an examination of the record of conviction, that the trial court should not have summarily denied defendant's petition.

9

As relevant here, the record of conviction showed that the People charged defendant with first degree murder and alleged that in the commission of that crime, a principal was armed with a firearm. The prosecutor advanced two theories supporting a murder conviction. He argued that defendant aided and abetted Turner in committing murder (direct aiding and abetting) -- in particular, that defendant knew Turner intended to kill Wheatley and defendant intended to aid and abet Turner in committing the murder. The prosecutor also argued that defendant was guilty of murder under the natural and probable consequences doctrine. The trial court instructed the jury on the two theories. It did not give a felony murder instruction. To convict under the natural and probable consequences doctrine, the trial court instructed that the jury would need to find, among other things, that defendant aided and abetted the target offense of assault with a firearm. With regard to the firearm enhancement, the trial court said the jury must determine whether a principal in the murder was armed with a firearm at the time of the commission of the crime. The natural and probable consequences and firearm enhancement instructions did not require the jury to make any findings regarding defendant's mental state. The jury convicted defendant of second degree murder and found the firearm enhancement allegation true. But the verdicts did not indicate whether the jury relied on the direct aiding and abetting or the natural and probable consequences theory to convict defendant of murder. The opinion in defendant's prior appeal did not determine the legal basis of defendant's second degree murder conviction. (*People v. Periman, supra,* C071812.)

On this record, we cannot conclude as a matter of law that the jury convicted defendant only on a direct aiding and abetting theory and not under the natural and probable consequences doctrine. As a result, we cannot say that defendant does not fall within the provisions of section 1170.95 as a matter of law (See *Offley, supra*, 48 Cal.App.5th at pp. 598-599; *Drayton, supra,* 47 Cal.App.5th at p. 981.) The Attorney General agrees that defendant's petition "made the requisite minimum showing at the

10

first prima facie review phase" and the trial court should not have summarily denied the petition.

We also agree with defendant that the trial court should not have engaged in factfinding in the second stage of its section 1170.95 review. In denying the petition, the trial court determined that the evidence was sufficient to establish that defendant acted with intent to kill and was a major participant in the underlying felony who acted with reckless disregard to human life. But under the circumstances here, those determinations required factfinding that is not permitted in stage two. (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, 94, review granted July 22, 2020, S262835; see *Drayton, supra*, 47 Cal.App.5th at pp. 980, 982.)

## C

Defendant claims the trial court should appoint counsel to represent him. The California Supreme Court is currently considering when the right to appointed counsel arises under section 1170.95, subdivision (c). (*Lewis, supra*, 43 Cal.App.5th 1128, S260598.) Meanwhile, we conclude that although section 1170.95, subdivision (c) does not require the trial court to appoint counsel for the petitioner at stages one and two of its review (*Tarkington, supra*, 49 Cal.App.5th at pp. 899-902, review granted; *Lewis,* at p. 1140, *Verdugo, supra*, 44 Cal.App.5th at p. 323, review granted; contra *Cooper, supra,* 54 Cal.App.5th at p. 123, review granted), here the trial court should appoint counsel for defendant and proceed to stage three.

The Attorney General suggests the trial court already proceeded to stage three because it considered the petition on the merits. The record does not support that interpretation of the trial court's order, but in any event, if the trial court had in fact proceeded to stage three, it should have appointed counsel for defendant, directed the prosecutor to file a response to the petition, and permitted defendant to file a reply.

11

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded with directions to appoint counsel for defendant and to conduct further proceedings under section 1170.95.

 

 

                                                            /S/
                                                        MAURO, J.

 

We concur:

 

/S/
ROBIE, Acting P. J.

 

/S/
HOCH, J.